LEVY v. COMMERCIAL TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   December 20, 1915.)

BANKS AND BANKING &154—ACTIONS FOR DEPOSITS—CONDITIONS PRECEDENT —DEMAND.

> The executrix of a party having a deposit in the defendant bank left with the bank a certificate showing the issuance of letters testamentary to her and also a waiver of notice from the comptroller's office. Thereafter she drew a check for the amount of the deposit in favor of L., who presented it to the bank. The teller to whom it was presented refused payment, stating that the account was being held. *Held*, that a dismissal of the complaint in an action to recover the deposit on the ground that no proper demand was shown was error, as the executrix was not compelled to make the demand in person, but might do so through her duly constituted agent or attorney, and while the bank might have acquired identification of her signature, or proof of the payee's identity, it waived all other objections to the demand, which could have been obviated if made at the time, by failing to object on the ground that identification was not sufficient and stating that the account was being held.

> [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533;   Dec. Dig. &154.]

Appeal from City Court of New York, Trial Term.

Action by Sophie R. H. Levy, as executrix of Arthur S. Levy, deceased, against the Commercial Trust Company of New York. From a judgment dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial granted.

See, also, 165 App. Div. 916, 150 N. Y. Supp. 1093.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Arthur S. Levy, of New York City, for appellant.

Campbell & Moore, of New York City (Henry Amerman and Arthur H. Slack, both of New York City, of counsel), for respondent.

PAGE, J.   It was conceded in the pleadings and on the record at the trial of this action that Arthur S. Levy, deceased, maintained an account with the defendant as depositor and prior to his death delivered various sums of money to the defendant, which it received on deposit and agreed to repay to Arthur S. Levy or his order on demand, and that at the time of his death there was a balance of $793.73 on deposit with the defendant in the said account. It was also admit-

ted that his last will and testament was admitted to probate in the Surrogate's Court of this county, that the plaintiff herein duly qualified as his executrix, and that before the presentation of the check as hereinafter described the plaintiff filed with the bank or left in its possession a certificate showing that letters testamentary had been issued to her, and also a waiver of notice from the comptroller's office.

It was proved on the trial that on the 27th day of June, 1912, the plaintiff drew a check, in which she directed the defendant bank to pay to the order of Herbert R. Levy $793.73. The check was signed, "Estate of Arthur S. Levy, Sophie R. H. Levy, Executrix," and was duly indorsed by Herbert R. Levy and presented by him personally to the defendant bank on the 28th day of June, 1912, and payment thereon demanded. Herbert R. Levy, the payee of the check, had an account with the defendant bank and was known by the bank. The teller to whom the check was presented handed the check back to Herbert R. Levy and said "he could not pay it; that the account was being held."

At the close of the plaintiff's case the complaint was dismissed, on the ground that no proper demand upon the bank for the sum of money on deposit had been shown. I am of the opinion that this was error. The plaintiff was not compelled to make the demand in person, but might do so through her duly constituted agent or attorney. This she did by making an order on the bank in the form of a check to pay the money to Herbert R. Levy. When Herbert R. Levy presented the check for payment, the bank might have required identification of the signature of the plaintiff and proof of the identity of Herbert R. Levy. It made no objection to the order on the ground that identification was not sufficient, but stated that the account was being held. This was a waiver of all other objections to the demand which could have been obviated, if made at the time. Delahunty v. Cent. Nat. Bank, 37 App. Div. 434, at page 436, 56 N. Y. Supp. 39.

The judgment appealed from should be reversed, and new trial granted with costs to the appellant to abide the event.

PHILBIN, J., concurs. GUY, J., taking no part.